# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 723 | **DATE** | 8/13/2001 |
| **CASE TITLE** | ROJICEK vs. RIVER TRIALS SCHOOL DIST. 26 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Motion to dismiss is granted/denied in part. Count IV is dismissed as well as the official capacity claims on the pleadings.**

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 16 AM 9: 49 | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARLENE ROJICEK,

    Plaintiff,

v.

RIVER TRAILS SCHOOL DISTRICT 26, et al.

    Defendants.

No. 01 C 723
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Marlene Rojicek was an administrative assistant for payroll with the River Trails School District. Her position was terminated in March 2000, purportedly because she was disrespectful to Superintendent Dr. Shirley Smalley, because she made a payroll error, and because of a reduction in force. Plaintiff says that she was an excellent employee and that she was fired because she spoke out against the school board and in favor of unionization of educational support staff.

It all started at a meeting of central office employees convened by Dr. Smalley in July 1998 at which Dr. Smalley announced that educational support staff employees (of which plaintiff was one) would receive a 1.7% salary increase for the next fiscal year. Rojicek considered this a paltry sum. She remarked in the presence of the Superintendent and all of her colleagues that such a raise would allow her to go alone to a bargain matinee movie once a week, but that she would have to choose between purchasing a small coke or a box of popcorn because she would not be able to afford both. The "coke or popcorn," comment (cited numerous times in both parties' briefs) earned Rojicek something of a reputation among school district employees.



Plaintiff says it became the battle cry that roused the support staff to organize against management. Defendant says that it shows Ms. Rojicek is something of a smart aleck.

Following the pay raise incident, Rojicek joined in efforts to merge a group of unrepresented educational support personnel into the teachers' existing bargaining unit. She supplied names of new employees to the president of the teacher's union, talked to other employees about her support of the union, attended preliminary union meetings, and passed out union information cards. The unionization was successful, but Rojicek's position was excluded from the bargaining unit she helped to organize. Only "educational employees" are entitled to organize under Illinois law, and the National Labor Relations Board determined that Rojicek's position did not come within the statutory definition of an educational employee.[1]

Although Rojicek could not participate directly in union activities, she continued to voice her support for unionization. This allegedly angered Dr. Smalley. In October 1999, the Superintendent reprimanded plaintiff for soliciting new employees to join the union and for asking the union president for a list of employees so that plaintiff could initiate payroll deductions of union dues. In January 2000, Dr. Smalley reprimanded her again for advising an employee to join the union. Plaintiff alleges that when she made a small accounting error in February 2000, it gave defendants the pretext they needed. They eliminated her position.

---

[1] *See* Illinois Educational Labor Relations Act ("IELRA"), 115 ILCS 5/1, et seq. Under the IELRA, supervisory, managerial, and confidential employees of an educational employer are denied the right to organize, form, join, or assist employee labor organizations. See 115 ILCS 5/2(b). Confidential employees include those employees who in the regular course of their duties have access to information relating to the effectuation or review of the employer's collective bargaining practices. See 115 ILCS 5/2(n). The National Labor Relations Board determined that Ms. Rojicek had access to confidential information that could be supplied to union representatives for negotiation purposes.

2

Plaintiff brought suit against Dr. Smalley and ten school board members alleging (1) interference with her First Amendment right of association and free speech rights under color of law; (2) retaliatory discharge in violation of federal and state law; and (3) intentional infliction of emotional distress. Defendants now move to dismiss.

**I. First Amendment Claim**

Rojicek has adequately pled her First Amendment claim against the school district defendants. A public employee who makes a First Amendment claim against her employer must show that the speech would be protected if uttered by one who is not a public employee and that the speech was on a matter of public concern. *See Dishnow v. School Dist. of Rib Lake*, 77 F.3d 194, 197 (7th Cir, 1996). The district bears the burden of demonstrating that its interests outweigh the employee's First Amendment rights. *See Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 1997)(citing *Pickering v. Board of Educ.*, 391 U.S. 563 (1968)).

The allegedly protected expression in this case consists of various comments made to fellow employees in support of higher pay for support staff and in support of union activity, as well as comments criticizing management salaries. Clearly, it is the sort of speech that would be protected if uttered by a non-public employee.

Union organizing is a matter of public concern. *See Gregorich v. Lund*, 54 F.3d 410 (7th Cir. 1995). So are implicit allegations of misuse of public funds. *See Terry v. Village of Glendale Heights*, 1989 WL 106623 (N.D. Ill. 1989). Defendant counters that plaintiff was merely pursuing a private grievance. But the fact that a public employee has a personal interest in the topic of her remarks does not mean that the expression is not on a matter of public concern. *See Smith v. Fruin*, 28 F.3d 646, 653 (7th Cir.1994). On such undeveloped record, I cannot say

that plaintiff's statements and organizational efforts were undertaken merely to further her purely private interest in securing a larger salary.

Neither have defendants convinced me that, as a matter of law, the district's interest in preventing employees from unionizing outweighs plaintiff's interest in vocalizing her support for the union. Defendants argue that plaintiff cannot claim First Amendment protections when such protections have been permissibly removed through Illinois public sector labor relations law. Just because plaintiff had no right to join a union, however, does not mean that she had no right to voice her support for union membership or to criticize the purported misuse of school district funds.

Only in unusual circumstances will a court resolve the *Pickering* analysis in defendant's favor on the pleadings. The reason is that it is impossible for a plaintiff to anticipate and plead every reason that a public employer might have to forbid the speech in question.

> "[I]t would be a rare case indeed where the pleadings as a whole would permit judgment as a matter of law on this point, unless the plaintiff was relying on speech that is wholly unprotected by the First Amendment or the defendant's justifications were frivolous. Normally, application of the *Pickering* balancing test will be possible only after the parties have had an opportunity to conduct some discovery."

*Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 1997).

This is not the rare case which can be decided on the pleadings.

For similar reasons, I cannot at this point make a finding that independent reasons (such as plaintiff's "persistent hostile attitude," "sarcastic and juvenile . . . remarks," or her "complete and utter lack of respect for her supervisors") justify the Board's decision to terminate plaintiff. Such are defendants' interpretation of the incidents described in the Complaint, but they are not the only reasonable interpretations. On an undeveloped and much disputed record, the allegation

that plaintiff was disrespectful and that she made a payroll error cannot be relied upon to grant a motion to dismiss.

## II. Qualified Immunity

Defendants' qualified immunity defense also fails at this stage. It has been well established for many years in this Circuit that a public employer may not retaliate against an employee who exercises her First Amendment speech rights. *See Gustafson v. Jones*, 117 F.3d 1015 (7th Cir. 1997). More particularly, a public employee has a qualified right to participate in union organizing speech and activities. *See Gregorich v. Lund*, 54 F.3d 410 (7th Cir. 1995). In Illinois that right is limited for certain public education employees, of which plaintiff is one. Defendant appears to argue that because plaintiff cannot be represented by the union, any speech she makes about unionization is unprotected. This is not so. The IELRA may have imposed a limited restriction on plaintiff's associational rights, but it did not wholly abrogate her free speech rights.

As for the argument that plaintiff's speech rights were limited because she was an employee in a position of confidence, this may well be successful at summary judgment. *See Gregorich*, 54 F.3d at 418. At present, however, the precise content, form, and context of Rojicek's associational activity has yet to be established. When it is, I will reevaluate the qualified immunity defense.

## III. Official Liability

The suit against defendants in their official capacity must be analyzed as a suit against the municipality itself. I dismiss the official capacity claims on the pleadings pursuant to the reasoning set forth in *Gustafson*, 117 F.3d at 1022. Although plaintiff's complaint alleges a

5

policy of retaliation against union supporters, it discloses only a single instance of retaliation against one employee. Plaintiff cannot rely on an isolated incident to establish a practice or custom that caused plaintiff's injuries. *See id*; *Board of County Comm'rs of Bryan County, Oklahoma v. Brown*, 117 S. Ct. 1382 (1997)(single hiring decision by county sheriff was not enough to show that County itself had a policy that caused plaintiff's injuries).

### IV. Intentional Infliction of Emotional Distress

The three requirements that are necessary to demonstrate intentional infliction of emotional distress under Illinois law are (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *See Honaker v. Smith*, 2000 WL 33357195 *9 (7th Cir. 2001). Plaintiff's Complaint does not make it past the first prong. Her allegation that the Superintendent treated her with "extreme hostility and coldness" and threatened her job does not come close to the sort of outrageous conduct necessary to state a claim for intentional infliction of emotional distress. Such unpleasantries fall squarely within the realm of "'insults, indignities, threats, annoyances, petty oppressions, or other trivialities,'" which are not actionable under Illinois law. *See Honaker* 2001 WL 33357195 *9 (quoting *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

## VI. Conclusion

The motion to dismiss is granted in part and denied in Part. Count IV is dismissed. The official capacity claims are also dismissed on the pleadings.

ENTER:

James B. Zagel
United States District Judge

DATE: AUG 13 2001