Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 723 | **DATE** | 4/16/2003 |
| **CASE TITLE** | ROJICEK vs. RIVER TRAILS SCHOOL DIST., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Motion (49-1) for ruling on privileged communications and disqualification of District Attorneys is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | APR 17 2003 | |
| | Notified counsel by telephone. | | date docketed | S9 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 03 APR 16 PM 6:12 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARLENE ROJICEK,

    Plaintiff,

v.

RIVER TRAILS SCHOOL DIST. 26, et al.,

    Defendants.

No. 01 C 0723
Judge James B. Zagel

DOCKETED
APR 1 7 2003

## MEMORANDUM OPINION AND ORDER

Dr. Shirley Smalley served as Superintendent at River Trails School District No. 26 from 1994 to 2002. As Superintendent, Smalley was occasionally advised by District counsel, Scariano, Himes and Petrarca, Chtd. ("Scariano"). Plaintiff Marlene Rojicek has now sued Smalley, the District, and several other individuals for alleged retaliation for the former's exercise of her First Amendment rights to speech and association arising from a unionization drive of support staff in the District. Scariano represents all defendants in this lawsuit except Smalley, who has moved to disqualify it from representing the other defendants on the basis of its rendering advice to her concerning Rojicek. Smalley also moves for a ruling on privileged communications which she seeks to reveal in her defense.

Disqualification

"Disqualification of an attorney is a drastic measure that should only be imposed when absolutely necessary." *Stopka v. Alliance of American Insurers*, No. 95 C 7487, 1996 WL 204324, at *2 (N.D. Ill. April 25, 1996). The threshold requirements for disqualification under Local Rule 83.51.7, which governs conflicts of interest, include the presence of direct adversity

between clients or a material limitation in an attorney's ability to represent a client. When neither threshold requirement is present, disqualification should be denied. *Stopka*, 1996 WL 204323, at *4-5. Here, the non-Smalley defendants have never been directly adverse to Smalley, and Scariano's representation of them has not materially limited Scariano's responsibilities to Smalley in any way. The non-Smalley defendants maintain that Rojicek's position was eliminated by way of reduction in force ("RIF") after payroll operations at River Trails were outsourced. They further maintain that prior to the RIF, Smalley presented the Board with two options to solve a payroll accuracy problem – hire a second person to provide an internal check, or outsource. Smalley allegedly recommended outsourcing after consulting with School District counsel. The non-Smalley defendants have consistently maintained that all of their actions, including Smalley's, resulted from a good-faith decision-making process, thus supporting a reliance on the business judgment rule. The Board is not blaming any alleged wrongdoing on Smalley to exculpate itself from liability. Additionally, the Board is statutorily bound to indemnify and hold harmless all its officers and employees for liability for acts committed within their official capacity within the scope of their employment, *see* 105 ILCS 5/10-20.20, and the Board has always maintained that Smalley was operating within the scope of her authority and will thus argue that punitive damages are not applicable as a matter of law, *see* 745 ILCS 10/2-102; *Reese v. May*, 955 F.Supp. 869, 875 (N.D. Ill. 1996). As such, there is no direct adversity among any of the defendants – at least, as of yet – nor are any defendants prejudiced by such a defense strategy.

The alleged conflict expressed by Smalley involves her interest in getting a blanket waiver of the attorney-client privilege between her and Scariano in order to advance an advice of

2

counsel defense.[1] As will be shown below, however, Smalley is not authorized to waive the privilege. Accordingly, no conflict exists between her and the non-Smalley defendants on this basis. But even if Smalley was able to obtain a general waiver of privilege, disqualification is nonetheless unnecessary. Smalley claims that the testimony of Scariano lawyers as to the content of her conversations with them – over which the Board wishes to assert its attorney-client privilege – may be necessary to advance her defense, thus necessitating disqualification. However, the non-Smalley defendants do not deny the existence of the attorneys' advice to Smalley in her role as Superintendent, and were they to testify, the lawyers' testimony would be identical to Smalley's, thus rendering disqualification on this basis inappropriate. *Interactive Coupon Marketing Group, Inc. v. H.O.T.! Coupons, LLC*, No. 98 C 7408, 1999 WL 409990, at *3 (N.D. Ill. June 7, 1999). Smalley has not shown that the lawyers would testify antagonistically at trial, which she must do in order to demonstrate the necessary showing of prejudice that is required for disqualification. *Bogosian v. Board of Educ. of Community Unit School Dist. 200*, 95 F.Supp.2d 874, 876 (N.D. Ill. 2000). In light of Rule 83.51.7's provision that an attorney may continue representation on behalf of a client until the attorney knows that his testimony would be prejudicial to a former or current client, I see no reason to disqualify at this point.

---

[1] Smalley's declaration that her interests and those of the other defendants are now adverse on the sole basis of her desire to waive privilege is absurd. A legal principle as such would essentially give Smalley the power to disqualify the attorneys for the remaining defendants on the basis of any professional disagreement which they might have. This is clearly not the standard for disqualification.

3

### Attorney-Client Privilege That Smalley Seeks to Waive

Smalley seeks a blanket waiver of the attorney-client privileged communications between her and Scariano attorneys in order to advance an advice of counsel defense, but the Board wishes to assert privilege. A threshold matter is whether Smalley is authorized to waive this privilege. Scariano has been employed as labor counsel to the Board at all times relevant to the defense of this matter, and a lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents. Smalley asserts that she is a "joint client" of Scariano. However, Smalley was employed as Superintendent of the School District, and a corporate officer, such as a Superintendent, is an agent of the Board. As a rule, a corporate officer may only assert a personal attorney-client privilege for communications she made to her own counsel concerning personal liability unrelated to the corporation or unrelated to her role as a corporate officer. *In re National Trade Corp.*, 76 B.R. 646, 647 (N.D. Ill. 1987). However, all communications that were made to Scariano were related to the District and Smalley's role as Superintendent. Her communications were thus on behalf of the organization, not on her personal behalf. Accordingly, the attorney-client privilege at issue here is exclusively vested in the Board, and Smalley is not authorized to waive the privilege without the Board's consent. *See Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 348 (1985); *United States v. International Broth. of Teamsters*, 119 F.3d 210, 215 (2d Cir. 1997).

Even if she had authority, a further problem with Smalley's request for a blanket waiver to advance the advice of counsel defense is that the communications for which she seeks waiver do not support the defense. Smalley articulates two areas in which she currently seeks to invoke the defense – Union membership exclusion and plaintiff's RIF, but these two areas do not qualify

4

as communications subject to disclosure under an advice of counsel theory. First, the decision concerning the exclusion of plaintiff's position from the education support personnel Union bargaining unit was not an action taken by Smalley, but instead was implemented by agreement between attorneys for the Union and attorneys for the Board. Therefore, the advice of counsel defense does not apply. With respect to Rojicek's RIF, the legal advice afforded to Smalley in her role as Superintendent was followed by her submission of two options to the Board. Accordingly, the ultimate actor in the decision to RIF was the Board, not Smalley.

Finally, the most important factor to my decision on this matter is that Smalley is not precluded from seeking waiver of privilege for the duration of the case. It is only a blanket waiver that I reject here. To the extent that a limited advice of counsel defense may be available and to the extent that a situation necessitating a waiver of privilege to advance the defense arises, Smalley is free to so move. Furthermore, Scariano – regardless of any alleged past representations to the contrary – has now expressed its willingness to work with her in advancing this defense in a streamlined fashion. Privileged communication should not be waived unless absolutely essential to the defense of the case and then such waiver must be carved out with specificity.

Attorney-Client Privilege that Smalley Claims Has Been Waived

Finally, along with her request for a blanket privilege waiver, Smalley alternatively and/or additionally claims that several, if not all, communications have already been waived. Smalley first contends that privilege was waived in its entirety at her deposition when the Scariano attorney representing her at that time invoked the advice of counsel doctrine. However, although

5

the attorney raised the doctrine, she did so in a limited capacity in direct response to opposing counsel's line of questioning. Specifically, it was invoked in response to whether Smalley received an opinion from counsel regarding whether Rojicek had a right to pressure another employee to join a union. Privilege was expressly preserved for everything outside the scope of that line of questioning. But even if it had not, any waiver implied by an advice of counsel defense is limited to communications and documents on the same subject matter relating to the legal advice relied upon. *See Abbott Laboratories v. Baxter Travenol Laboratories, Inc.*, 676 F.Supp. 831, 832 (N.D. Ill. 1987). Finally, even though asked, Smalley revealed no attorney-client communications, and absent disclosure, there is no waiver of privilege. *In re Consolidated Litigation Concerning Intern. Harvester's Disposition of Wisconsin Steel*, 666 F.Supp. 1148, 1157 (N.D. Ill. 1987); *United States v. Pipkins*, 528 F.2d 559, 562 (5th Cir. 1976).

In addition to the argument regarding blanket waiver, Smalley argues that privilege has been specifically waived regarding a meeting between several board members and administrators and Scariano attorney Justino Petrarca that took place on March 4, 2000. Each of the attendees were employees or agents of the Board that Scariano represents, and thus privilege is presumably preserved. *Upjohn Co. v. United States*, 449 U.S. 383, 384 (1981). Smalley contends that privilege was waived due to a violation of the Open Meetings Act. Even if it is true that a violation of the Open Meetings Act results in a waiver of attorney-client privilege (a principle for which I see no support), any such violations of the Open Meetings Act are now untimely and barred. 5 ILCS 120/3(a). Finally, Smalley's reliance on *Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998), to support her contention that discussion with the Board's attorney under such circumstances are not privileged is misplaced. *Reed* does not stand for the proposition that

6

privilege does not apply where several executives of administrators are present at a meeting with the entity's attorney. The meeting in *Reed* was not for the purpose of information sharing concerning potential litigation; it was a meeting between a group investigating executive behavior and some of those being investigated. Accordingly, I hold that privilege is preserved as to the March 4 meeting.

For the reasons above, Dr. Smalley's Amended Motion for Ruling on Privilege and Disqualification of District Attorneys is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 16 April 2003

7